```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF TEXAS
             DALLAS DIVISION
```

WACHOVIA BANK, NATIONAL §
ASSOCIATION,            §
                        §
            Plaintiff,  §
                        § Civil Action No. 3:09-CV-1322-D
VS.                     §
                        §
ROBERT J. SCHLEGEL, et al., §
                        §
            Defendants. §

## MEMORANDUM OPINION AND ORDER

Following this court's decision granting summary judgment in favor of plaintiff Wachovia Bank, National Association ("Wachovia") against defendants Robert J. Schlegel and Robert K. Schlegel (collectively, "the Schlegels"), *see Wachovia Bank, National Ass'n v. Schlegel*, 2010 WL 2671316 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) ("*Wachovia Bank I*"), Wachovia moves for an award of attorney's fees and expenses and seeks leave to seek additional attorney's fees and expenses in the event of an appeal. For the reasons that follow, the court awards Wachovia $259,367.58 in attorney's fees and expenses and grants Wachovia leave to seek additional fees and expenses in the event of an appeal.

I

Following the court's decision in *Wachovia Bank I*, Wachovia filed on July 14, 2010 a motion for attorney's fees and expenses.

Wachovia seeks the total sum of $259,367.58[1] in attorney's fees and expenses based on the Schlegels' contractual agreements to pay for fees. It also seeks a fee award under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008). In support, Wachovia has submitted copies of invoices, professional biographies of attorneys involved, and the declaration of an expert witness. In addition to its request for attorney's fees and expenses incurred in this court, Wachovia also requests leave to seek additional attorney's fees and expenses incurred on appeal.

The Schlegels initially sought leave to file a response to Wachovia's motion. But after the court informed them by order that such leave was unnecessary because they were entitled by rule to file a response, they never responded. Wachovia's motion is therefore ripe for determination.

II

It is undisputed that Texas law controls in this lawsuit. *Wachovia I*, 2010 WL 2671316, at *4. The court therefore looks to Texas law to decide Wachovia's motion. *See, e.g., Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").

---

[1] Wachovia alleges that it has incurred $340,236.58 in reasonable attorney's fees and $8,338.00 in expenses. It acknowledges that defendants paid $89,207.00 in attorney's fees and expenses when they paid one of the loans at issue. Wachovia therefore seeks $259,367.58 in attorney's fees and expenses.

"Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute." *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 (Tex. 2009). After determining whether to award attorney's fees, the court must evaluate whether the amount requested is reasonable by considering the following eight factors:[2]

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on

---

[2]Because state law controls the determination of reasonableness under *Mathis*, the court applies Texas law and the *Arthur Anderson* factors. The court acknowledges that the Fifth Circuit has refrained from deciding whether the federal *Johnson* factors control in Texas diversity cases, and that it has accepted the use by district courts of the federal analytical framework in state diversity cases. *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) (noting that Texas and federal analysis are substantially similar, and declining to reach question whether district court erred in applying federal analysis in diversity case). Because Wachovia bases its analysis on Texas law and the Schlegels have not argued that the court should not follow this analytical path, the court will apply Texas law but will also consult the similar federal-law method of determining reasonable attorney's fees and expenses.

> results obtained or uncertainty of collection
> before the legal services have been rendered.

*Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof. Conduct 1.04); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (listing substantially same factors for federal cases involving attorney's fee awards). According to one of Wachovia's attorneys, the second, fifth, and eighth factors have no effect in the analysis.

III

A

The court first considers the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly. Wachovia submits invoices from Vinson & Elkins LLP ("V&E"), the law firm that represented it in this case. The declaration of V&E partner Matthew Moran, Esquire ("Moran") establishes that the case required a significant expenditure of time to address the Schlegels' affirmative defenses, counterclaims, motion to compel, and settlement offers. Wachovia's expert witness, Paul Wickes, Esquire ("Wickes"), opined that the work was necessary for Wachovia to pursue its claims against the Schlegels. Although the core suit was a straightforward note case, the Schlegels' discovery requests and amended pleadings "implicated novel issues under banking laws that required counsel with knowledge and experience in this area."

P. App. 276.  Although Moran's declaration indicates that V&E's fees were not adjusted based on the difficulty or complexity of the case, the court finds that the new counterclaims, discovery disputes, and settlement offers increased the number of hours necessary to represent Wachovia.

Concerning the time and labor required, Wachovia's counsel have attempted to remove from the fee request any matters that did not relate to the three loans in question. *See, e.g.,* P. App. 109-211 (designating certain time entries as "not sought"). The billing entries memorialize, in small increments, the time spent on each task. Where multiple tasks are noted in the same entry, the attorneys sometimes explain how much time was spent on each task. A few entries, such as telephone conferences and email correspondence entries, are non-specific about whether the work related to the dispute or to some other legal matter involving Wachovia, but most contain sufficient description to demonstrate that the work related to representing Wachovia in this litigation.

B

The third factor requires the court to consider the fee customarily charged in the locality for similar legal services. Wickes opines that the hourly rates for Wachovia's counsel and for paralegals are fair, reasonable, and customary in Dallas County for legal services involving similar disputes and amounts in controversy. Moran testifies that the hourly rates are customary

for his firm and similar to rates charged at peer firms in Dallas. The Schlegels do not dispute this evidence,[3] and the court, as an expert as to the reasonableness of attorney's fees, finds that these hourly rates are customarily charged in this locality for similar legal services.[4]

C

Regarding the fourth factor—the amount involved and the results obtained—Wachovia's attorneys persuaded the Schlegels to satisfy one loan, and Wachovia obtained summary judgment as to the other two. Together, the three loans totaled $19 million. When Wachovia moved for summary judgment, the Schlegels owed $12,137,132.99 in principal and interest for one loan and $2,028,791.68 in principal and interest for another,[5] and one defendant owed $4,906,994.91 in principal and interest on a third loan. As Moran points out in his declaration, the $259,367.58 requested in attorney's fees and expenses amounts to about 1.52% of the $17,044,127.90 that the court awarded. These fees are warranted considering the amount involved and the results obtained.

---

[3] "When th[e] rate is not contested, it is *prima facie* reasonable." *Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) (applying federal law).

[4] "[T]rial courts are considered experts as to the reasonableness of attorney's fees[.]" *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (applying federal law).

[5] This loan was paid in full while Wachovia's motion for partial summary judgment was pending.

D

The sixth and seventh factors relate to the client's relationship with the attorney and the experience, reputation, and ability of the lawyers. V&E has represented Wachovia and some of its affiliates since at least August 2001. Two attorneys who worked on this case had personally worked on other Wachovia matters. Wilkes opines that this longstanding relationship made V&E's services more valuable because the attorneys were already familiar with Wachovia's processes, procedures, and expectations. Additionally, the V&E partners who represented Wachovia in this case had significant experience working with banks. And Moran testified that partners attempted to minimize fees by assigning work to associates whenever reasonable. Considering these factors, the requested fees are supported.

IV

Wachovia requests leave to seek additional attorney's fees and expenses in the event of an appeal. The court grants the request.

\* \* \*

Accordingly, for the reasons explained, the court awards $259,367.58 in attorney's fees and expenses and grants Wachovia leave to seek additional fees and expenses in the event of an appeal.

**SO ORDERED.**

October 29, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE